1  PAUL M. GLEASON State Bar No.: 155569
   RICHARD Y. CHEN State Bar No.: 225392
2  JANET S. YAVROUIAN State Bar No.: 252602
   GLEASON & FAVAROTE, LLP
3  835 Wilshire Blvd., Suite 200
   Los Angeles, California 90017
4  Telephone: (213) 452-0510
   Facsimile: (213) 452-0514
5  pgleason@gleasonfavavrote.com
   rchen@gleasonfavarote.com
6  jyavrouian@gleasonfavavrote.com

7  Attorneys for Defendant
   VEOLIA TRANSPORTATION SERVICES, INC.
8

9                  UNITED STATES DISTRICT COURT

10       CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

11

12  CARL MCNUTT, BRUCE DEARY,           ) Case No.: SACV09-01200 AG(RNBx)
    JAMES GLENN DUNLAP, and SHERI       )
13  OSORIO, an individual,              ) **REVISED STIPULATION AND**
                                        ) **PROTECTIVE ORDER**
14                                      )
                Plaintiff,              )
15                                      )
                                        )
16      vs.                             )
                                        )
17                                      ) Action Filed:  September 15, 2009
    VEOLIA TRANSPORTATION               ) Trial:         January 18, 2011
18  SERVICES, INC., a Maryland          )
    Corporation; and DOES 1 through 200,)
19  inclusive,                          )
                                        )
20                                      )
                Defendants.             )
21                                      )
                                        )
22

23  / / /

24  / / /

25  / / /

26  / / /

27  / / /

28  / / /

**REVISED STIPULATION AND PROTECTIVE ORDER**

**TO PLAINTIFFS CARL MCNUTT, BRUCE DEARY, JAMES GLENN DUNLAP, SHERI OSORIO AND THEIR ATTORNEYS OF RECORD:**

**IT IS HEREBY STIPULATED** by and between plaintiffs CARL MCNUTT, BRUCE DEARY, JAMES GLENN DUNLAP AND SHERI OSORIO'S (hereinafter collectively referred to as "Plaintiffs") and defendant VEOLIA TRANSPORTATION SERVICES, INC. ("Defendant"), through their undersigned counsel of record, with respect to the exchange of certain documents between the parties in connection with this action, as follows:

1. In the course of this action, the parties have requested, and will request, each other to produce certain documents. The party producing documents in response to a request may contend that certain documents produced, or to be produced, constitute, either in whole or in part, privacy-protected, confidential and/or proprietary documents, the contents of which, if disclosed, could cause irreparable harm ("Confidential Documents").

2. In order to facilitate the exchange of said Confidential Documents, the parties desire to provide for a Protective Order permitting the use, copying, and disclosure of the Confidential Documents. Nothing herein is to be construed as an admission that any of the Confidential Documents exchanged constitute admissible evidence or actually contain privacy-protected, confidential and/or proprietary information the disclosure of which could cause irreparable harm to a party.

3. In response to a discovery request, any party may, in good faith, designate any document produced by or to the other party as a Confidential Document. Each party shall review each document designated and take care to limit any such designation to specific material that qualifies for protection and shall not engage in mass-designation.

4. Any Confidential Document hereafter supplied in written or documentary form shall promptly be labeled "Confidential" either directly on the document or on a separate cover sheet by the party claiming confidentiality. When

1  Confidential Documents, or information contained in them, are incorporated into a
2  deposition transcript, arrangements shall be made with the reporter by the party
3  claiming confidentiality to label the confidential portions of the transcript
4  "Confidential" subject to stipulation by all counsel.   Unless otherwise ordered by
5  the Court, said documents will be deemed Confidential Documents.
6          5.      Neither the Confidential Documents nor any of the information
7  contained in the Confidential Documents shall be disclosed to any person except:
8              (a)    the parties and their respective counsel of record;
9              (b)    other persons employed, consulted or retained by the parties or
10                    their respective counsel of record;
11             (c)    deponents at their depositions;
12             (d)    court reporters; and
13             (e)    the Court or court personnel.
14 Disclosure may be made subject to the terms and conditions set forth in the
15 Protective Order only.  The parties' respective counsel of record shall assure that the
16 persons enumerated above, except those in Paragraph 4(e), shall strictly maintain the
17 confidentiality of the Confidential Documents.  Moreover, the parties specifically
18 agree that the Confidential Documents shall not be used or disclosed by the parties or
19 their counsel of record other than in connection with this litigation and shall not be
20 used by the parties or their counsel of record in any other proceeding, except as
21 compelled by legal process.  If a document identical to a Confidential Document, or
22 containing the same information as contained in the Confidential Document, is/was
23 secured from a source other than a document production in this litigation, it is not
24 rendered "confidential" by virtue of the Confidential Document in question having
25 been labeled "confidential" and produced at a document production in this litigation.
26 The burden of proving that a document identical to a Confidential Document, or has
27 the same information as contained in a Confidential Document, was secured from a
28 source other than a document production in this litigation shall be on the party

2.

claiming that the document or information is subject to this Protective Order.

6.      If the Confidential Material is to be included in any papers to be filed in Court, all Social Security or taxpayer-identification numbers; dates of birth; names of minor children; and financial account numbers shall be redacted in compliance with Fed. R. Civ. P. 5.2 or Fed. R. Crim. P. 49.1 in order to protect the privacy rights of the individual to whom the confidential information pertains. In accordance with Local Rule 79-5.1, if any papers to be filed with the Court contain information and/or documents that have been designated as "Confidential," the proposed filing shall be accompanied by an application to file the papers or the portion thereof containing the designated information or documents (if such portion is segregable) and if appropriate, the application itself under seal; and the application shall be directed to the judge to whom the papers are directed. For motions, the parties shall publicly file a redacted version of the motion and supported papers.

7.      Upon final determination of this litigation, any party that has received from the other party Confidential Documents shall promptly destroy the Confidential Documents (including all copies) and notify the producing party thereof.

8.      Neither this Protective Order, nor any action taken by any attorney pursuant to this Protective Order, shall be deemed to have the effect of any admission or waiver by any party hereto or of altering the confidentiality of the Confidential Documents.

9.      The court reporter or any other person preparing either full deposition transcripts or portions of deposition transcripts in which Confidential Documents are marked as exhibits shall be instructed not to furnish copies of the Confidential Documents to any person not authorized under the terms of this Protective Order to have access to Confidential Documents.

10.      This Protective Order shall be without prejudice to the right of the parties to bring before the Court at any time the question of whether any particular document or information is confidential, relevant and/or protected by a right of

privacy or whether its use should be restricted. Any motion challenging a "Confidential" designation will need to be made in strict compliance with Local Rules 37-1 and 37-2 (including the Joint Stipulation requirement).

11. The burden of proving that a document is a Confidential Document entitled to protection under this Protective Order shall be on the party claiming the document is a Confidential Document entitled to protection.

12. Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

Dated: August 27, 2010

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
RICHARD Y. CHEN
JANET S. YAVROUIAN

By: /s/ Janet S. Yavrouian
JANET S. YAVROUIAN
Attorneys for Defendant
VEOLIA TRANSPORTATION SERVICES, INC.

Dated: August 27, 2010

DONAHOO & ASSOCIATES
RICHARD E. DONAHOO
SARAH L. KOKONAS

By: /s/ Richard E. Donahoo
(AS AUTHORIZED ON 8/25/10)
RICHARD E. DONAHOO
Attorney for Plaintiffs CARL MCNUTT, BRUCE DEARY, JAMES GLENN DUNLAP AND SHERI OSORIO

## ORDER

**GOOD CAUSE APPEARING**, the Protective Order regarding the disclosure of privacy-protected, confidential and/or proprietary information by the parties is approved.

**IT IS SO ORDERED.**

Dated: August 26, 2010

ROBERT N. BLOCK
HONORABLE ROBERT N. BLOCK

4.

**REVISED STIPULATION AND PROTECTIVE ORDER**
**CASE NO. SACV09-01200 AG(RNBX)**

# PROOF OF SERVICE

I, Janet S. Yavrouian, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California.  I am over the age of 18 years and not a party to the within action.  My business address is Gleason & Favarote, LLP, 835 Wilshire Blvd., Suite 2000, Los Angeles, CA 90017.

On August 25, 2010, I served a copy(ies) of the following document(s):

**REVISED STIPULATION AND PROTECTIVE ORDER**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
| --- | --- | --- |
| Richard E. Donahoo<br>Sarah L. Kokonas<br>DONAHOO & ASSOCIATES<br>440 W. First Street, Suite 101<br>Tustin, CA 92780<br>(714) 953-1010<br>Fax:  (714) 953-1777 | Counsel for Plaintiffs Carl McNutt, Bruce Deary, James Glenn Dunlap, and Sheri Osorio | CM/ECF |
| Jose A. Martinez<br>MARTINEZ & ASSOCIATES<br>440 West First Street, Suite 102<br>Tustin, CA 92780<br>(714) 573-3919<br>Fax: (714) 573-7659 | Counsel for Plaintiffs Carl McNutt, Bruce Deary, James Glenn Dunlap, and Sheri Osorio | CM/ECF |

☒  (BY CM/ECF SYSTEM)  I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare that I am a member of the bar of this court.  I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on August 25, 2010, at Los Angeles, California.

/s/ Janet S. Yavrouian
Janet S. Yavrouian

1.
**PROOF OF SERVICE**